IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

LYNDA BROADWAY,

    Plaintiff,

v.

TALLAHASSEE AUTO INVESTORS
I, LLC d/b/a ALL AMERICAN FORD,

    Defendant.
_____/

CASE NO. 10-CA 003081
FLA. BAR NO. 0739685

## COMPLAINT

Plaintiff, LYNDA BROADWAY, hereby sues Defendant, TALLAHASSEE AUTO INVESTORS I, LLC d/b/a ALL AMERICAN FORD, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under Chapter 760, Florida Statutes, 42 U.S.C. §2000e et seq. and 29 U.S.C. §621 et seq.

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

3. Declaratory, injunctive, legal and equitable relief are sought pursuant to the laws set forth above together with attorneys fees, costs and damages.

4. Plaintiff is a member of a class protected by law because of her age and gender.

5. Plaintiff has satisfied all conditions precedent to the filing of this action. Specifically and without limitation, Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and EEOC. She is eligible for her right to sue notice and it has been requested. Despite her efforts, her right to sue notice has not been received.



6. At all times pertinent hereto, Plaintiff, LYNDA BROADWAY, has been a resident of Leon County, Florida working with Defendant. Plaintiff is thus *sui juris*.

7. At all times pertinent hereto, Defendant, TALLAHASSEE AUTO INVESTORS I, LLC d/b/a ALL AMERICAN FORD, has been existing under the laws of the State of Florida and was conducting business in Leon County, Florida, within the jurisdiction of this Court. At all times pertinent hereto, Defendant has been an "employer" as that term is used under the applicable laws identified above.

## FACTS

8. Plaintiff was originally employed with Defendant on August 15, 2005. Defendant purchased the Lincoln-Mercury dealership in or around the end of September, 2008. Shortly thereafter on October 3, 2008, Plaintiff, who was the oldest service advisor and the only female, was terminated. Two younger males, who held the same or a substantially similar position to that held by Plaintiff, both of whom had less experience in their positions and were not as productive based on measurable goals and standards, were retained. These males' effective labor rate records show that their production was lower than Plaintiffs.

9. There is no legitimate reason that can be offered by the Defendant to justify Plaintiff's termination while retaining the less productive and younger male employees.

10. Plaintiff has retained the undersigned to represent her interests in this action and is obligated to pay her a reasonable fee for her services. Defendant should be made to pay said fee and any costs affiliated with this action and any underlying administrative process.

## COUNT I

## AGE DISCRIMINATION

11. Paragraphs 1 through 10 are hereby realleged and incorporated herein by reference.

12. As more fully described above, Plaintiff was subjected to discrimination on the basis of her age.

13. At all times pertinent hereto, Plaintiff remained qualified for the positions Plaintiff held with Defendant. Notwithstanding her qualifications, she was fired and younger, less experienced and less productive employees were retained.

14. Defendant knew or should have known of the disparate treatment to which Plaintiff was subjected because it participated in the adverse treatment of Plaintiff.

15. Defendant harbored ill-motives and intent to cause disparate treatment of Plaintiff.

16. Defendant is responsible for the violations of Plaintiff's rights as set forth herein because it exercised control over the adverse treatment of Plaintiff. In the alternative, Defendant failed to properly supervise its employees thereby causing foreseeable harm to Plaintiff's rights set forth herein. At all times material hereto, the actions and inactions affecting Plaintiff were committed in the course of the employment or supervisory relationship employees had with Defendant and with its actual or constructive knowledge. Defendant is thereby vicariously liable to Plaintiff for all of the unlawful conduct of its agents, apparent agents, assigns, employees and officials.

17. The actions and inactions of Defendant affected a term, condition, or privilege of Plaintiff's employment with Defendant.

18. Plaintiff has been damaged as a direct or indirect result of Defendant's actions against her, which damages include but may not be limited to the following: mental pain and suffering, emotional distress, loss of capacity for the enjoyment of life, embarrassment, humiliation, lost wages, and other remuneration/emoluments affiliated with her position and other tangible and intangible damages. These damages have occurred in the past, are continuing at present, and will most likely occur in the future.

19. Plaintiff is entitled to punitive damages.

## COUNT II

### GENDER DISCRIMINATION

20. Paragraphs 1-10 are realleged and incorporated herein by reference.

21. This is an action against Defendant for discrimination based upon gender brought under Chapter 760, Florida Statutes and 42 U.S.C. §2000e et seq..

22. Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of Defendant who are male.

23. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

24. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

25. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination.

26. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of Chapter 760, Florida Statutes, and 42 U.S.C. §2000e et seq..

27. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing.

28. Plaintiff is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f) grant such other further relief as being just and proper under the circumstances

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this 3rd day of September, 2010.

Respectfully submitted,

_____
Marie A. Mattox
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)

ATTORNEYS FOR PLAINTIFF

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

LYNDA BROADWAY,

    Plaintiff,

Case No. 10-CA 003081

vs.

TALLAHASSEE AUTO INVESTORS
I, LLC d/b/a ALL AMERICAN FORD,

# Summons

    Defendant.

_____/

PERSON SERVED : _____

DATE : _____

THE STATE OF FLORIDA:

TIME : _____

To Each Sheriff of the State:

PROCESS SERVER : _____

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**TALLAHASSEE AUTO INVESTORS I, LLC
d/b/a ALL AMERICAN FORD
c/o Corporation Company of Orlando, Registered Agent
300 South Orange Avenue, Suite 1000 (JGH)
Orlando, FL 32801**

Served Date 9-21-10  Time 1:25 PM
Daniel R. Ward
Orange County S.P.S., I.D. # 9504
Phone # 407-857-8380

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **310 East Bradford Road, Tallahassee, FL 32303**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on   SEP 07 2010  , 2010.

CLERK OF THE CIRCUIT COURT

By: _____
    Deputy Clerk

**Eagle Legal Services**
424 E. Central Blvd, #337
Orlando, FL 32801